James F. Valentine (SBN 149269)
jvalentine@perkinscoie.com
Eric W. Ow (SBN 252951)
eow@perkinscoie.com
Qudus B. Olaniran (SBN 267838)
qolaniran@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel: (650) 838-4469

David J. Burman (*Pro Hac Vice*)
DBurman@perkinscoie.com
Ryan J. McBrayer (*Pro Hac Vice*)
RMcBrayer@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000

Attorneys for Defendant
McAfee, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CAP CO. LTD.,<br><br>              Plaintiff,<br><br>      v.<br><br>MCAFEE, INC.,<br><br>              Defendant. | Case No. 3:14-cv-05068-JD<br><br>DATE:      March 4, 2015<br>TIME:      10:00 a.m.<br>C/R:        11, 19th Floor<br>JUDGE:   Honorable James Donato |

**DEFENDANT MCAFEE, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on March 4, 2015, at 10:00 a.m. in Courtroom 11, 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant McAfee Inc. ("McAfee") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing plaintiff CAP Co., Ltd.'s claims for willful, induced, and contributory infringement for failure to state a claim upon which relief can be granted.  McAfee further requests that the Court dismiss Plaintiff's claims for infringement of claims 1-11 of U.S. Pat. No. RE42,196 for failure to state a claim upon which relief can be granted.

 This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

January 12, 2015                                    Respectfully Submitted,

                                         **PERKINS COIE LLP**

                                         By:  */s/ James F. Valentine*
                                               James F. Valentine

                                               Attorneys for Defendant
                                               McAfee, Inc.

1

# TABLE OF CONTENTS

**Page**

2

3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

4

I.       INTRODUCTION ........................................................................................................ 1

5

II.      STATEMENT OF FACTS ........................................................................................... 2

6

III.     LEGAL STANDARD .................................................................................................. 5

7

IV.      ARGUMENT ............................................................................................................... 5

8

         A.      Plaintiff Fails to State a Claim for Willful Infringement ..................................... 5

9

         B.      Plaintiff Fails to State a Claim for Induced Infringement..................................... 7

10

                 1.      Plaintiff Fails to Show the Requisite Knowledge For Induced
                         Infringement......................................................................................... 7

11

                 2.      Plaintiff Fails to Show McAfee Had Specific Intent To Induce
                         Infringement......................................................................................... 9

12

                 3.      Plaintiff Fails to Show McAfee Knew that An Act Constituted
                         Patent Infringement............................................................................... 9

13

         C.      Plaintiff Fails to State a Claim for Contributory Infringement ........................... 10

14

                 1.      Plaintiff Fails to Show McAfee's Knowledge of the Patents-in-Suit ....... 10

15

                 2.      Plaintiff Fails to Show a Lack of "Substantial Non-Infringing Use"........ 11

16

                 3.      Plaintiff Fails to Show that the Accused Products Are Especially
                         Made or Adapted for Use in Infringement of a Patent............................ 11

17

         D.      Plaintiff Fails to State Claims for Infringement of Claims That Require
                 Multiple Actors to Infringe ............................................................................. 12

18

                 1.      Plaintiff Fails to State Claims for *Direct* Infringement Of Patent
                         Claims That Require Pleading Joint Infringement.................................. 12

19

20

                 2.      Plaintiff Fails to State Claims for *Indirect* Infringement Of Patent
                         Claims That Require Pleading Joint Infringement.................................. 14

21

22

V.       CONCLUSION.......................................................................................................... 14

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO
                                                                        DISMISS, CASE NO. 3:14-cv-05068-JD

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................. 2, 5

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
No. 11-cv-040449-JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ...................... 6, 7, 8, 9

*Bascom Research LLC v. Facebook, Inc.*,
No. 12-cv-06293-SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) ................................ 6, 7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 2, 5, 11

*BIAX Corp. v. Motorola Solutions, Inc.*,
No. 10-cv-03013-PAB-KLM, 2012 WL 502727 (D.Colo. Feb. 15, 2012) ............................. 8

*Brandywine Communications Technologies, LLC v. Casio Computer Co., Ltd.*,
912 F.Supp.2d 1338 (M.D. Fla. 2012) ..................................................................... 8

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
631 F.3d 1279 (Fed. Cir. 2011) ............................................................................ 13

*Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005) ............................................................................ 14

*Desenberg v. Google, Inc.*,
No. 08-CV-10121-GBD, 2009 WL 2337122 (S.D.N.Y. July 30, 2009)
(*adopted by Desenberg v. Google, Inc.*, Case No. 08-CV-10121-GBD, 2010
WL 100841 (S.D.N.Y. Jan. 11, 2010)) ................................................................... 12

*EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
No. C-12-1011 EMC, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) .................................. 10

*Fortinet, Inc. v. FireEye, Inc.*,
No. 13-cv-02496-EJD, 2014 WL 4955087 (N.D. Cal. Sept. 30, 2014) .............................. 9

*Friday Group v. Ticketmaster Corp.*,
Case No. 4:08-CV-01203-JCH, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) .................... 12

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
782 F. Supp. 2d 868 (N.D. Cal. 2011) ....................................................................... 9

*FuzzySharp Technologies Incorporated v. Nvidia Corporation*,
12-cv-06375-JST, 2013 WL 476687 (N.D. Cal. Sep. 4, 2013) ........................................ 5

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fla. 2008) ................................................................. 12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) ........................................................................................ 8, 10

*Grecia v. VUDU, Inc.*,
    Case No. C-14-1220 EMC, slip op. (N.D. Cal. Aug. 29, 2014) ........................... 12

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ......................................................................... 7, 11

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ........................................................................... 6, 7

*IpVenture Inc. v. Lenovo Group Limited, et. al.*,
    No. 12-cv-04143 (JSW), Dkt. No. 159 (N.D. Cal. Jan. 30, 2013) ...................... 7, 10

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    134 S.Ct. 2111 (2014) ...................................................................................... 12, 14

*Logic Devices, Inc. v. Apple, Inc.*,
    No. 13-cv-02943-WHA, 2014 WL 60056 (N.D. Cal. Jan. 7, 2014) ................. 6, 7, 9

*Mallinckrodt Inc. v. E–Z–EM Inc.*,
    670 F.Supp.2d 349 (D.Del. 2009) ............................................................................ 8

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) .............................................................................. 12

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
    No. 2:13-cv-03560-ODW, 2014 WL 32157 (C.D. Cal. 2014) .............................. 6, 7

*Pragmatus AV, LLC v. TangoMe, Inc.*,
    Case No. 11-cv-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) ................. 12

*Proxyconn Inc. v. Microsoft Corp.*,
    No. 11-cv-01681-DOC, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ............... 8, 10

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012) ....................................................................... 5, 9, 11

*Synopsys, Inc. v. ATopTech, Inc.*,
    No. 13-cv-02965-SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ..................... 11

*TQP Dev., LLC v. Intuit Inc.*,
    Case No. 2:12-CV-180-WCB, 2014 WL 2809841 (E.D. Tex. June 20, 2014) ...... 13

*XimpleWare, Inc. v. Versata Software, Inc.*,
    No. 13-cv-05161-PSG, 2014 WL 2080850 (N.D. Cal. May 16, 2014) ............ 10, 11

*Xpoint Technologies, Inc. v. Microsoft Corp.,*
    730 F.Supp.2d 349 (D.Del. Aug. 10, 2010) ............................................................................. 8

**STATUTES**

35 U.S.C. § 271(b) ................................................................................................................ 7, 12, 14

35 U.S.C. § 271(c) ........................................................................................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 2, 3, 4, 5

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION**

3          Defendant McAfee, Inc. ("McAfee") respectfully moves to dismiss plaintiff CAP Co.,

4   Ltd.'s ("Plaintiff's") claims for willful, induced, and contributory infringement.  McAfee further

5   moves to dismiss Plaintiff's claims for infringement of method claims 1-11 of U.S. Patent No.

6   RE42,196 ("'196 patent").  By granting this Motion, the Court will simplify and focus this case

7   only on those direct infringement claims that Plaintiff can legitimately plead against McAfee.

8          Plaintiff is a Korean corporation that appears to be a non-practicing, patent-monetization

9   entity.  Plaintiff seeks only monetary damages.  McAfee is a wholly-owned subsidiary of Intel

10  Corporation that has long been an industry leader in providing security solutions to consumers

11  and businesses.  Among other things, McAfee's products protect computers from harmful

12  invaders, such as computer viruses and malware, by using innovative techniques, including anti-

13  virus detection and computer firewalls.  In the Complaint, Plaintiff alleges that McAfee directly

14  infringes three patents directed at techniques for detecting computer viruses and implementing

15  computer firewalls.  Along with its direct infringement allegations, Plaintiff tacks on bare,

16  boilerplate allegations that McAfee induces its customers to infringe the patents, that McAfee has

17  contributed to its customers' infringement of the patents, and that McAfee's infringement has

18  been willful.  Plaintiff also charges infringement of patent method claims requiring multiple

19  actors without alleging any facts to show the requisite joint infringement.

20         Plaintiff's claims for willful infringement, induced infringement, and contributory

21  infringement should be dismissed because Plaintiff's Complaint is devoid of facts necessary to

22  plead those claims.  Plaintiff's claims for infringement of claims 1-11 of the '196 patent are

23  similarly flawed because those claims require that Plaintiff allege joint infringement, and Plaintiff

24  has failed to do so.

25         First, Plaintiff's Complaint fails to properly plead willful infringement.  Although Plaintiff

26  makes the conclusory allegation that McAfee has "willfully infringed" the asserted patents,

27  Plaintiff's Complaint does not state any facts that plausibly support such a claim.

28

Second, Plaintiff's Complaint fails to plead the facts necessary to support claims for induced and contributory infringement.  The Complaint does not even attempt to allege that McAfee knew of the patents-in-suit prior to filing this action.  Plaintiff's Complaint also is free of facts plausibly showing that McAfee intended to cause its customers to directly infringe the asserted patents, as is required for induced infringement.  Nor does Plaintiff allege any facts showing or supporting a reasonable inference that:  (1) the accused products are especially made or adapted for use in infringing the asserted patents, or (2) the accused products lack substantial non-infringing uses, as is required for contributory infringement.

Third, Plaintiff's infringement allegations as to method claims 1-11 of the '196 patent should be dismissed.  Claims 1-11 of the '196 patent expressly require distinct "web server" and "client system" actors to infringe.  Yet the Complaint fails to allege facts showing that McAfee performs all the steps alone, nor does it allege any facts to support a claim of joint infringement.

In sum, Plaintiff's Complaint fails to meet the Supreme Court's heightened pleading standards, which reject allegations–like those pled by Plaintiff–that are mere "conclusion[s] couched in factual allegations."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissing Plaintiff's claims will not only comport with the Supreme Court's directives, but will also conserve judicial and party resources by eliminating claims (if Plaintiff is unable to amend its claims to meet the Supreme Court's standards), or focusing Plaintiff's claims on the relevant facts and issues (if Plaintiff can meet those standards).  Accordingly, McAfee respectfully requests that the Court dismiss Plaintiff's willful and indirect infringement claims, and Plaintiff's infringement claim directed to method claims 1-11 of the '196 patent, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    STATEMENT OF FACTS

On November 14, 2014, Plaintiff filed this patent infringement action, alleging direct, indirect, and willful infringement of U.S. Patent Nos. RE42,196 ("'196 patent"), RE44,249 ("'249 patent"), and 8,544,078 ("'078 patent") (collectively, the "patents"). (Dkt. No. 1 at ¶¶ 15-18, 22-

25).  Plaintiff alleges with no explanation that a long list of McAfee products sold to businesses and individuals infringe the patents.[1]

Plaintiff's infringement allegations lack factual support.  The "Factual Background" portion of the complaint provides no evidence to support allegations of willful and indirect infringement.  It recites no facts pertaining to willful infringement.  As to contributory infringement, Plaintiff makes only the perfunctory statement that McAfee "contributed and continues to contribute" to acts of infringement "by causing and encouraging others to use the [accused] products."  (Dkt. No. 1 at ¶ 11).  Plaintiff further states in conclusory fashion that McAfee's products are "designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the 'Patents-in-Suit.'"  (*Id.*)  Plaintiff's allegations as to inducement are similarly bare-bones: Plaintiff merely alleges that McAfee's products are "used by [customers] pursuant to McAfee's user guides, and support articles."  (*Id.*)

Although the Complaint then purports to provide more specific allegations for willfulness, inducement, and contributory infringement in support of each claim, those allegations provide no more detailed factual support than the unsupported, boilerplate averments in the "Factual Background."

Plaintiff's willfulness allegation is utterly devoid of supporting facts.  The allegation, in full, is that "Defendant's infringing conduct is unlawful, and if continued after service of the Original Complaint in this matter, is willful."  (*Id.* at ¶ 18; *see also id.* at ¶ 25.)

Plaintiff's inducement allegation states only that McAfee has infringed through "its active inducement of others to make, use, and/or sell the products and methods claimed in one or more

---

[1] The accused McAfee products include "McAfee Internet Security, McAfee AntiVirus Plus, McAfee Total Protection, McAfee Mobile Security, McAfee LiveSafe, McAfee All Access, McAfee Small Business Security, McAfee Server Security Suite Essentials, McAfee Endpoint Protection, McAfee VirusScan, McAfee VirusScan [sic], McAfee SaaS Total Protection, McAfee Host Intrusion Prevention and McAfee Next Generation Firewall products."  (Dkt. No. 1 at ¶ 11.)

1  claims of the patent." (*Id.* at ¶ 16; *see also id.* at ¶ 23.)  Plaintiff pleads no specific, supporting

2  facts.

3          Plaintiff's contributory infringement allegation is similarly a purely conclusory recitation

4  of the elements of the claim.  Plaintiff repeats that McAfee infringes through "providing and

5  selling goods and services including [accused products] . . . designed for use in practicing one or

6  more claims of the Patents-in-Suit, where the goods and services constitute a material part of the

7  invention and are not staple articles of commerce, and which have no use other than infringing

8  one or more claims of the Patents-in-Suit." (*Id.* at ¶ 17; *see also id.* at ¶ 24.)  Again, Plaintiff

9  pleads no specific, supporting facts.

10          Finally, Plaintiff's allegations as to method claims 1-11 of the '196 patent are similarly

11  sparse.  Method claims 1-11 require multiple actors to infringe.  (Dkt. No. 2, Ex. A at 9:54-

12  11:32.)  For example, claim 1 requires a "web server" and a "client system."[2]  As noted in the

13  '196 patent, the "web server . . . is linked with a client computer [] via a computer network, such

14  as the Internet" (Dkt. No. 2, Ex. A at 4:46-47), and "a computer user launches a web browser on

15  the client computer" (Dkt. No. 2, Ex. A at 4:63-64).  In claim 1, the "web server" performs the

16  steps of "receiving a connection request from the client system over the computer network" and

17

18          _____

            [2] Claim 1 of the '196 patent recites:

19          **1.** A method for blocking in real time harmful information in a file to be executed, the
            method comprising the steps of:

20                  (a) on a computer network through which a ***web server*** and a ***client system*** are linked to
            each other, the ***web server*** receiving a connection request from the ***client system*** over the

21          computer network;
                    (b) the ***web server*** transmitting a harmful information blocking code module to the ***client***

22          ***system***; and
                    (c) once the transmission of the harmful information blocking code module is completed,

23          the harmful information blocking code module automatically running on the ***client system*** to
            block in real time harmful information including computer viruses,

24                  wherein the step (c) comprises steps of:
                    (c1) inspecting file input/output (I/O) on the client system by hooking up file I/O routines,

25                  (c2) determining whether the file to be executed corresponding to the inspected file
            input/output in the step (c1) is harmful or not; and

26                  (c3) treating a file determined to be harmful in the step (c2) and executing the file, if it can
            be treated, and aborting the execution of the file determined to be harmful in the step (c2), if it

27          cannot be treated.
                    (Dkt. No. 2, Ex. A at claim 1) (emphasis added).

28

1  "transmitting a harmful information blocking code module to the client system," while the

2  separate "client system" performs the steps of running the blocking code module for "inspecting

3  file input/output," "determining whether the file . . . is harmful or not," and "treating a file

4  determined to be harmful." (Dkt. No. 2, Ex. A at 9:54-10:10.)  Because the "web server" and

5  "client system" are separate actors, Plaintiff must allege joint infringement of these claims.  Yet

6  the Complaint contains no allegation that McAfee performs all of these method steps, or that

7  McAfee jointly infringes these claims with another party.

8  ### III.    LEGAL STANDARD

9  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead

10  "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

11  *Twombly*, 550 U.S. 544, 570 (2007).  The complaint must support each claim with "factual

12  content that allows the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*; see also Superior Indus., LLC*

14  *v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) ("[T]he pleading

15  requirements set forth in *Twombly* and *Iqbal* apply to . . . claims [of indirect infringement].")

16  (internal citations omitted); *FuzzySharp Technologies Incorporated v. Nvidia Corporation*, 12-cv-

17  06375-JST, 2013 WL 4766877, *2 (N.D. Cal. Sep. 4, 2013) ("claims for willful infringement are

18  governed by the standards in *Iqbal* and *Twombly* . . .").

19  A plaintiff's complaint must include "more than labels and conclusions," and a "formulaic

20  recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Legal

21  conclusions may "provide the framework of a complaint," but they "must be supported by factual

22  allegations."  *Iqbal*, 556 U.S. at 679.  The Court must dismiss claims totally devoid of factual

23  allegations because they do not "raise a right to relief above the speculative level."  *Twombly*,

24  550 U.S. at 555-56.

25  ### IV.    ARGUMENT

26  #### A.    Plaintiff Fails to State a Claim for Willful Infringement

27  To support a claim for willful infringement, Plaintiff must plead facts plausibly showing

28  that: (1) McAfee had pre-suit knowledge of the asserted patents; (2) McAfee "acted despite an

NOTICE OF MOTION AND MOTION TO
DISMISS, CASE NO. 3:14-cv-05068-JD

1    objectively high likelihood that its actions constituted infringement of a valid patent"; and (3) the

2    risk was "known or so obvious that it should have been known" to McAfee.  *See In re Seagate*

3    *Tech., LLC*, 497 F.3d 1360, 1371, 1374 (Fed. Cir. 2007).

4         Plaintiff's Complaint lacks *any* facts showing that McAfee had knowledge of the patents

5    prior to filing this action.  (Dkt. No. 1 at ¶¶ 18, 25).  The Federal Circuit has explained that "a

6    willfulness claim asserted in the original complaint must necessarily be grounded *exclusively* in

7    the accused infringer's *pre-filing conduct*."  *See Seagate*, 497 F.3d at 1374 (emphasis added); *see*

8    *also MyMedicalRecords, Inc. v. Jardogs, LLC,* No. 2:13-cv-03560-ODW, 2014 WL 32157, at *3

9    (C.D. Cal. 2014) ("California federal courts have taken the view that a plaintiff must plead pre-

10   suit knowledge in order to adequately plead willful infringement."); *Avocet Sports Tech., Inc. v.*

11   *Garmin Int'l, Inc.*, No. 11-cv-040449-JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012)

12   (holding that the plaintiff had not "sufficiently alleged that Defendant . . . engaged in any pre-

13   filing willful conduct").  Thus, Plaintiff's failure to plead pre-suit knowledge is fatal to its

14   willfulness claim.

15        But even assuming that Plaintiff could show knowledge of the asserted patents, willful

16   infringement requires more than mere knowledge of the existence of a patent.  Plaintiff must

17   plead facts showing that McAfee acted despite an "objectively high likelihood" of infringing a

18   valid patent.  (*See* Dkt. No. 1 at ¶¶ 18, 25); *Seagate*, 497 F.3d at 1371; *see also Bascom Research*

19   *LLC v. Facebook, Inc.*, No. 12-cv-06293-SI, 2013 WL 968210, at *6 (N.D. Cal. Mar. 12, 2013)

20   (dismissing willful infringement claim because "the complaint does not allege any facts that could

21   give rise to an inference that [the defendant] knew or should have known it was acting despite an

22   objectively high likelihood of infringement"); *Logic Devices, Inc. v. Apple, Inc.*, No. 13-cv-

23   02943-WHA, 2014 WL 60056, at *3 (N.D. Cal. Jan. 7, 2014) (explaining that the defendant's

24   "bald complaint" was "devoid" of an allegation that the plaintiff knew or should have known of

25   an "objectively high risk of infringing a valid patent").  Here, Plaintiff's Complaint does not even

26   allege that McAfee acted despite an "objectively high risk," let alone provide any facts that would

27   support such an allegation.

28

NOTICE OF MOTION AND MOTION TO
DISMISS, CASE NO. 3:14-cv-05068-JD

In addition, Plaintiff must plead facts showing that the risk of infringing a valid patent was "either known or so obvious that it should have been known" to McAfee.  (*See* Dkt. No. 1 at ¶¶ 18, 25); *Seagate*, 497 F.3d at 1371; *Bascom*, 2013 WL 968210, at *6; *MyMedicalRecords*, 2014 WL 32157, at *3 (explaining that the plaintiff failed to allege facts showing that "the risk was known or so obvious that it should have been known to" the defendant) (internal quotations omitted).  Again, Plaintiff's Complaint fails to even allege that McAfee "knew" or "should have known" of a risk of infringement, let alone provide any supporting facts.

Because Plaintiff's Complaint fails to meet any of the three prongs required to support a willfulness claim, Plaintiff's claim for willful infringement should be dismissed.

### B.   Plaintiff Fails to State a Claim for Induced Infringement

Plaintiff also fails to state a claim for induced infringement under 35 U.S.C. § 271(b).  To survive a motion to dismiss for such a claim, Plaintiff must plead facts plausibly showing that McAfee: (1) had pre-suit knowledge of the patent; (2) "specifically intended [its] customers to infringe the asserted patent"; and (3) "knew that the customer's acts constituted infringement." *See Avocet*, 2012 WL 1030031, at *4 ("To sufficiently plead a claim for induced infringement, a patentee must allege facts to support each element."); *Logic Devices*, 2014 WL 60056, at *1 (citing *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  Plaintiff's allegations fail to show any of these elements.

#### 1.   Plaintiff Fails to Show the Requisite Knowledge For Induced Infringement

As a threshold matter, Plaintiff's Complaint only alleges that McAfee has *post*-suit knowledge of the patents.  That allegation should be insufficient to support a claim for induced infringement.

Numerous courts, including those in this District, have dismissed cases where the plaintiff failed to show *pre*-suit knowledge of the patent.  *See, e.g., Avocet*, 2012 WL 1030031, at *4 ("[T]he Court finds that Plaintiff has failed to adequately state a claim for induced infringement . . . . Plaintiff has not alleged any facts to suggest that Defendants . . . had knowledge of the [asserted patent] prior to the filing of the Complaint."); *IpVenture Inc. v. Lenovo Group Limited,*

1   *et. al.*, No. 12-cv-04143 (JSW), Dkt. No. 159 (N.D. Cal. Jan. 30, 2013) (granting motion to

2   dismiss because the plaintiff failed to show defendant had pre-litigation knowledge of patents-in-

3   suit); *Proxyconn Inc. v. Microsoft Corp.*, No. 11-cv-01681-DOC, 2012 WL 1835680 at *6 (C.D.

4   Cal. May 16, 2012) (holding that "knowledge after filing of the present action [was] not sufficient

5   for pleading the requisite knowledge for indirect infringement").[3]

6          That said, in the Northern District of California there appears to be a split of authority on

7   whether *post*-suit knowledge of an asserted patent is sufficient to maintain a claim for indirect

8   infringement. *See, e.g., Bascom*, 2013 WL 968210, at *4 ("[K]nowledge of the patents can be

9   established through the filing of the complaint.  In such cases, however, the claim for induced

10  infringement is limited to post-filing conduct.").  McAfee urges this Court to follow the *Avocet*

11  and *IPVenture* line of authority because allowing the Plaintiff to rely on McAfee's post-suit

12  knowledge of the patents "would vitiate the Supreme Court's holding in *Global–Tech* that an

13  allegation of knowledge of the patent is required to state a claim for induced infringement."

14  *Brandywine Communications Technologies, LLC v. Casio Computer Co., Ltd.*, 912 F.Supp.2d

15  1338, 1346 (M.D. Fla. 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060,

16  2068 (2011)).  In addition, requiring pre-suit knowledge "furthers judicial economy and preserves

17  parties' resources by encouraging resolution prior to filing a lawsuit."  *Proxyconn*, 2012 WL

18  1835680, at *5.  Thus, legal authority and sound policy support requiring pre-suit knowledge of

19  the patents to properly plead claims for induced infringement.

20         Here, Plaintiff pleads post-suit knowledge of the patents but says nothing about pre-suit

21  knowledge, effectively conceding that McAfee lacked such knowledge.  (Dkt. No. 1 ¶¶ 16, 23).

22

23         [3] Other courts are in accord with the view that post-filing knowledge of the patents is not sufficient to support claims for induced infringement.  *See, e.g., BIAX Corp. v. Motorola*

24  *Solutions, Inc.,* No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *3 (D. Colo. Feb. 15, 2012) (dismissing induced infringement claims and finding that plaintiff alleged "no facts indicating

25  that [the defendants] had any knowledge of the patents"); *Xpoint Technologies, Inc. v. Microsoft Corp.,* 730 F.Supp.2d 349, 357 (D. Del.  Aug. 10, 2010) (dismissing indirect infringement claims

26  and holding that the alleged infringer must know of the patent at the time it was committing the allegedly infringing activity); *Mallinckrodt Inc. v. E–Z–EM Inc.,* 670 F.Supp.2d 349, 354 (D. Del.

27  2009) (dismissing indirect infringement claims and rejecting plaintiff's argument that the requisite knowledge can be established by the filing of the complaint).

28

NOTICE OF MOTION AND MOTION TO
                                          DISMISS, CASE NO. 3:14-cv-05068-JD

Because *pre*-suit knowledge of the patents should be required to support inducement, this Court should dismiss Plaintiff's inducement claim.

## 2. Plaintiff Fails to Show McAfee Had Specific Intent To Induce Infringement

Plaintiff's Complaint includes a bare, boilerplate recitation that McAfee infringes through its "active inducement of others to make, use, and/or sell the products and methods." (Dkt. No. 1 at ¶¶ 16, 23). Because the Complaint does not plead any facts that could reasonably show that McAfee had the "specific intent" to induce infringing acts by its customers or others, Plaintiff's claim for induced infringement should be dismissed. *See Fortinet, Inc. v. FireEye, Inc.*, No. 13-cv-02496-EJD, 2014 WL 4955087, at *4-5 (N.D. Cal. Sept. 30, 2014) (dismissing inducement claim based on "bare allegations" that "Defendant's products sold directly to consumers and through its distribution partners are designed to be used (and are used by consumers and end-users) in an infringing manner"); *see also Avocet,* 2012 WL 1030031, at *4 (dismissing induced infringement claim because "Plaintiff has not alleged any facts to suggest that Defendants . . . had the specific intent to induce infringement"); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 892-93 (N.D. Cal. 2011) (granting motion to dismiss induced infringement claim for failure to allege facts pertaining to specific intent).

## 3. Plaintiff Fails to Show McAfee Knew that An Act Constituted Patent Infringement

Plaintiff's Complaint is devoid of facts demonstrating that McAfee knew any of its customers' acts constituted infringement. (*See* Dkt. No. 1 ¶¶ 16, 23.) This is yet another reason why Plaintiff's inducement claims should be dismissed. *See Logic Devices, Inc.,* 2014 WL 60056, at *2 (dismissing inducement claim where allegations "fail[ed] to support an inference of specific intent to induce infringement and knowledge that the induced actions constituted infringement"); *Superior Indus.*, 700 F.3d at 1296 (holding that the complaint failed to "allege any facts to support a reasonable inference that [the defendant] specifically intended to induce infringement of the [patent-in-suit] or that it knew it had induced acts that constitute infringement").

### C.    Plaintiff Fails to State a Claim for Contributory Infringement

Plaintiff also does not allege facts sufficient to support a claim for contributory infringement.  A claim of contributory infringement requires showing, among other things: (1) McAfee's pre-suit knowledge of the patent; (2) that the accused components have no "substantial non-infringing use"; and (3) that the accused products be "especially made or especially adapted" for an infringing use.  Plaintiff fails to allege facts that plausibly show any of these three elements.

### 1.    Plaintiff Fails to Show McAfee's Knowledge of the Patents-in-Suit

As with inducement, contributory infringement should require pre-suit knowledge of the existence of the patents-in-suit.  *See Global-Tech*, 131 S. Ct. at 2068 (holding that contributory infringement requires "knowledge of the existence of the patent that is infringed").  Again, Plaintiff effectively acknowledges that McAfee lacked pre-suit knowledge by only alleging post-suit knowledge in its contributory infringement allegations.  (*See* Dkt. No. 1 ¶¶ 17, 24).  Thus, Plaintiff cannot meet the knowledge requirement for contributory infringement.  *See XimpleWare, Inc. v. Versata Software, Inc.,* No. 13-cv-05161-PSG, 2014 WL 2080850, at *7 (N.D. Cal. May 16, 2014) (dismissing contributory infringement claim where plaintiff failed to allege defendant's knowledge of the asserted patent);  *IpVenture,* No. 12-cv-04143, Dkt. No. 159, at 6 (dismissing contributory infringement claim because plaintiff failed to show defendant had pre-litigation knowledge of patents-in-suit); *Proxyconn*, 2012 WL 1835680, at *6 (holding that "knowledge after filing of the present action [was] not sufficient for pleading the requisite knowledge for indirect infringement").[4]

---

[4] Like induced infringement claims, the split of authority regarding pre-suit knowledge of patents also applies to contributory infringement claims.  For the same reasons discussed above, McAfee urges this Court to follow the *IPVenture* and *Proxyconn* line of cases.  *Compare IpVenture,* at 5-6 (dismissing contributory infringement claim because plaintiff failed to show defendant had pre-litigation knowledge of patents-in-suit) and *Proxyconn,* 2012 WL 1835680 at *6 (dismissing contributory infringement claim because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement") *with EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) (finding that post-filing knowledge was sufficient to plead indirect infringement).

1

**2.       Plaintiff Fails to Show a Lack of "Substantial Non-Infringing Use"**

2          To state a claim for contributory infringement, "a plaintiff must, among other things,

3    plead facts that allow an inference that the components sold or offered for sale have no substantial

4    non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.  Plaintiff fails to state any facts

5    except for a conclusory assertion that the accused McAfee products "have no use other than

6    infringing one or more claims of the Patents-in-Suit."  (*See* Dkt. No. 1 ¶¶ 17, 24).  Such an

7    assertion does not raise a right to relief above a "speculative level."  *See Twombly*, 550 U.S. at

8    555; *see also XimpleWare*, 2014 WL 2080850, at *7 (dismissing contributory infringement claim

9    where plaintiff failed "to plead facts that allow an inference that the components sold or offered

10   for sale have no substantial non-infringing uses."); *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-

11   02965-SC, 2013 WL 5770542, at *16 (N.D. Cal. Oct. 24, 2013) (dismissing plaintiff's

12   contributory infringement claim and reasoning that plaintiff failed "to raise the reasonable

13   inference that Defendant's software has no substantial non-infringing uses").  Thus, Plaintiff fails

14   to plead facts that show that McAfee's products lack a "substantial non-infringing use."

15

**3.       Plaintiff Fails to Show that the Accused Products Are Especially Made
            or Adapted for Use in Infringement of a Patent**

16

17          Finally, to demonstrate contributory infringement, Plaintiff must show that the material or

18   apparatus is known by McAfee "to be especially made or adapted for use in an infringement of

19   such patent."  35 U.S.C. § 271(c); *see also Superior Indus.*, 700 F.3d at 1296 (affirming dismissal

20   of contributory infringement allegations for failure to allege "that the accused products are

21   especially made or especially adapted for use in an infringement of such patent, and not a staple

22   article or commodity of commerce suitable for substantial noninfringing use as required by

23   35 U.S.C. § 271(c)") (internal quotations omitted); *Synopsys*, 2013 WL 5770542, at *16

24   (dismissing plaintiff's contributory infringement claim because, *inter alia*, plaintiff failed to

25   "allege that Defendant knew that any of its software was made or adapted for infringement of any

26   of the Patents–in–Suit").  Plaintiff fails to plead facts supporting its allegation that any of the

27   accused McAfee products were "especially made for use in a manner that directly infringes the

28   Patents-in-Suit."  (Dkt. No. 1 ¶¶ 17, 24).

For at least the above reasons, Plaintiff's legal conclusions, even when couched as factual allegations, do not allow the Court to reasonably infer that McAfee contributorily infringed under 35 U.S.C. § 271(b).  Thus, Plaintiff's contributory infringement claims should be dismissed.

**D.     Plaintiff Fails to State Claims for Infringement of Claims That Require Multiple Actors to Infringe**

**1.     Plaintiff Fails to State Claims for *Direct* Infringement Of Patent Claims That Require Pleading Joint Infringement**

To demonstrate direct infringement of a method claim, Plaintiff must show that a *single* party performs all of the claimed steps.  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S.Ct. 2111, 2117 (2014) (holding that "there has simply been no infringement of the method in which respondents have staked out an interest, because the performance of all the patent's steps is not attributable to any one person.").  Two parties may jointly infringe a claim, but only "if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party."  *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008). Because Plaintiff does not plead facts that plausibly show either that: (1) McAfee performs all the claimed steps or (2) McAfee jointly infringes with another party, Plaintiff's infringement allegation as to the '196 method claims must be dismissed.[5]

---

[5] *See, e.g., Grecia v. VUDU, Inc.,* Case No. C-14-1220 EMC, slip op. at 5-6 (N.D. Cal. Aug. 29, 2014) (dismissing complaint because plaintiff failed to allege whether defendant directed or controlled accused process); *Pragmatus AV, LLC v. TangoMe, Inc.*, Case No. 11-cv-1092-LPS, 2013 WL 571798, at *3 (D. Del. Feb. 13, 2013) ("[W]hen a plaintiff's allegation of direct infringement *does* implicate a theory of joint infringement, this Court has held that a plaintiff must do more.  Unlike an allegation of 'undivided' infringement, in which the assertion is that a defendant performed or used each and every step of a claimed method, a claim of joint infringement requires an assertion that various parties perform all of the claimed steps *and* that one party exercises direction or control over the infringing activities of all other parties."); *Desenberg v. Google, Inc.,* No. 08-CV-10121-GBD, 2009 WL 2337122 (S.D.N.Y. July 30, 2009) (*adopted by Desenberg v. Google, Inc.*, Case No. 08-CV-10121-GBD, 2010 WL 100841 (S.D.N.Y. Jan. 11, 2010)) (dismissing complaint where claim required actions by users and providers and plaintiff made no allegations that defendant exercised "even a modicum" of control over users); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (dismissing complaint because plaintiff failed to allege that defendant exerted sufficient "control or direction" over third-party users); *Friday Group v. Ticketmaster Corp.*, Case No. 4:08-CV-01203-JCH, 2008 WL 5233078, at *8 (E.D. Mo. Dec. 12, 2008) (dismissing complaint because it "does not allege that any single defendant performed all of the steps of the method or that any defendant was the 'mastermind' behind the operation").

1    First, Plaintiff does not plead facts that plausibly show that McAfee performs all the

2  claimed steps.  Plaintiff cursorily pleads direct infringement by McAfee only.  (*See* Dkt. No. 1

3  ¶¶ 15-19).  But, as explained above, claims 1-11 of the '196 patent are method claims that contain

4  steps performed by separate actors.  For example, certain steps are performed by a "web server,"

5  while other steps are performed by "a client system."  (*See* Dkt. No. 2, Ex. A at 9:54-11:32.).[6]

6  Plaintiff does not allege that McAfee operates *both* a "web server" and a "client system."

7  Therefore, Plaintiff fails to plausibly show that McAfee infringes these claims on its own.

8    Second, Plaintiff also fails to adequately plead joint infringement.  Plaintiff does not

9  allege any facts at all showing that McAfee directed or controlled performance of the accused

10  process, or that McAfee has an agency or contractual relationship with a third party who

11  performed steps of the accused process.  *See, e.g.*, *TQP Dev., LLC v. Intuit Inc.*, Case No. 2:12-

12  CV-180-WCB, 2014 WL 2809841, at *11 (E.D. Tex. June 20, 2014) ("Direction or control

13  requires more than encouragement or suggestions by the first actor to the second. . . .  If the

14  second actor is free, either legally or factually, to disregard the suggestions or encouragement

15  from the first actor, the first actor is not considered to direct or control the actions of the second.");

16  *see also Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir.

17  2011) (holding that to prove that a defendant controls or directs every step of the process, the

18  plaintiff is required to show an agency relationship or other contractual obligation with the third

19  parties performing the method steps).  Consequently, Plaintiff's claims for infringement of

20  method claims 1-11 of the '196 patent should be dismissed for failure to allege joint infringement.

21  
### 2.    Plaintiff Fails to State Claims for *Indirect* Infringement Of Patent Claims That Require Pleading Joint Infringement

22  

23    Plaintiff also fails to state claims for indirect infringement of method claims 1-11 of the

24  '196 patent.  Indirect infringement requires an underlying act of direct infringement.  *See*

25  _____

26    [6] As noted in the '196 patent, the "web server . . . is linked with a client computer [] via a computer network, such as the Internet" (Dkt. No. 2, Ex. A at 4:46-47) and "a computer user launches a web browser on the client computer" (Dkt. No. 2, Ex. A at 4:63-64).  As a result, the claimed "web server" and "client system" steps are necessarily performed by a server entity and a client entity.

27  

28

1  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) ( "[W]here there

2  has been no direct infringement, there can be no inducement of infringement under § 271(b).");

3  *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir.

4  2005) (stating that contributory infringement must also be predicated on a showing of direct

5  infringement).  Thus, Plaintiff's failure to adequately plead direct infringement of these claims is

6  fatal to its companion claims for induced and contributory infringement.

7  **V.     CONCLUSION**

8  　　　For the foregoing reasons, McAfee respectfully requests that the Court dismiss Plaintiff's

9  claims for willful, induced, and contributory infringement for failure to state a claim.  McAfee

10  further requests that the Court dismiss Plaintiff's claims for infringement of claims 1-11 of the

11  '196 patent for failure to state a claim.

12  Dated:  January 12, 2015                                Respectfully Submitted,

13  　　　　　　　　　　　　　　　　　　　　　　　**PERKINS COIE LLP**

14  　　　　　　　　　　　　　　　　　　　By:  */s/ James F. Valentine*

15  　　　　　　　　　　　　　　　　　　　　　James F. Valentine

16  　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　McAfee, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO
         DISMISS, CASE NO. 3:14-cv-05068-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2015, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

*/s/ James F. Valentine*

James F. Valentine