1

2

3

4                                 UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    CAP CO., LTD.,                              Case Nos.  14-cv-05068-JD
                        Plaintiff,                          14-cv-05071-JD
8
            v.
9                                                **ORDER RE MOTIONS TO DISMISS**
     MCAFEE, INC.,
10
                        Defendant.
11
     _____
12   CAP CO., LTD.,

                        Plaintiff,
13
            v.
14
     SYMANTEC CORPORATION,
15
                        Defendant.
16

17

18          Plaintiff CAP Co. filed three lawsuits in this district in 2014, each alleging infringement of

19   three patents.  The Court transferred one of the lawsuits, brought against Microsoft, to the United

20   States District Court for the Western District of Washington, and consolidated the other two here.

21   Defendants McAfee and Symantec move to dismiss CAP's indirect and willful infringement

22   claims in their entirety, and CAP's direct infringement claims for claims 1-11 of U.S. Patent No.

23   RE42,196.  *See* Dkt. No. 24 in Case No. 3:14-cv-05068-JD, Dkt. No. 12 in Case No. 3:13-cv-

24   05071-JD.  The motion is moot with respect to the '196 patent because CAP has since chosen to

25   drop that patent from the litigation.  *See* Dkt. No. 53 at 1:4-9.  The Court dismisses the indirect

26   infringement claims without prejudice and the willful infringement claims with prejudice.

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**LEGAL STANDARD**

A defendant may move to dismiss a claim in a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Generally, in evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the allegations contained in a complaint," but need not treat bare legal conclusions with the same degree of respect. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must plead "enough factual matter" to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. It is not enough if the alleged facts only allow the Court to infer the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and will not be sustained. *Twombly*, 550 U.S. at 546. Plausibility is established when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a plaintiff bears the burden of alleging enough facts to state a plausible claim, it need not prove its case at the Rule 12(b)(6) stage or even stake out the probability that it will prevail. A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

This standard for evaluating Rule 12(b)(6) motions applies to claims of indirect patent infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Claims of direct infringement are treated to a far lighter review. The Federal Circuit has held that a complaint need not provide any more factual specificity than the sample complaint for direct patent infringement found at Form 18 in the Appendix of Forms that accompanies the Federal Rules of Civil Procedure, even if *Iqbal* and *Twombly* would require more. *See id.* at 1334. Form 18 requires only:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

2

*Id.* When applied in practice, this approach produces the usual cryptic and uninformative patent infringement complaints that provide virtually no information to a defendant or reviewing court.

The Federal Circuit has not determined whether *Iqbal* and *Twombly* apply to claims for willful infringement, but other decisions from this district have convincingly argued that they do. *See FuzzySharp Techs. Inc. v. Nvidia Corp.*, No. 12-cv-06375-JST, 2013 WL 4766877, at *2 (N.D. Cal. Sept. 4, 2013); *Emblaze Ltd. v. Apple Inc.*, Case No. 11-cv-01079-SBA, 2012 WL 5940782, at *7 (N.D. Cal. Nov. 27, 2012); *IpVenture, Inc. v. Cellco P'ship*, C 10-04755 JSW, 2011 WL 207978, at *2-3 (N.D. Cal. Jan. 21, 2011). The Court finds that these cases have adopted the right approach by applying to willful infringement the pleading standards that virtually every non-patent litigant has to live with.

## DISCUSSION

## I.   WILLFULNESS

To state a claim of willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and that "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

The Federal Circuit's holding in *Seagate* mandates dismissal of the willfulness claim here. Defendants argue that willfulness requires factual allegations about the alleged infringer's pre-filing conduct. As the Federal Circuit has found, it requires that and more:

> [A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. . . . A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.

*Seagate*, 497 F.3d at 1374.

This holding bars CAP's willfulness claims. CAP does not allege that defendants had any pre-suit knowledge of the patents and CAP never sought a preliminary injunction for any post-

3

United States District Court
Northern District of California

1    filing conduct.  CAP tries to avoid *Seagate* by arguing that its willfulness allegations are based in

2    part on defendants' pre-filing conduct, such as "develop[ing] markets and distribut[ing] infringing

3    products."  Dkt. No. 1 at ¶ 11.  But CAP does not allege, as it must, that its willfulness allegations

4    are "grounded *exclusively* in [defendants'] pre-filing conduct."  *Seagate*, 497 F.3d at 1374

5    (emphasis added).  Nor could it, because CAP also does not allege that defendants knew about the

6    patents prior to the filing of this suit.  A party cannot willfully infringe a patent it knew nothing

7    about.  *See Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990).

8    The only conduct here that might conceivably be proffered as willful infringement would be

9    defendant's post-filing activity, and *Seagate* is crystal clear that a patentee who does not move for

10   a preliminary injunction "should not be allowed to accrue enhanced damages based solely on"

11   such post-filing acts.  *Seagate*, 497 F.3d at 1374.  Consequently, CAP cannot proceed with the

12   willfulness claim as alleged in the complaint.[1]

13          The remaining question is whether CAP should be allowed to amend the claim.  *Seagate*

14   points to the answer being no.  As another court has observed, *Seagate* solved a thorny problem of

15   privilege waiver by limiting the availability of willfulness claims when the accused infringer lacks

16   pre-litigation knowledge of the asserted patents.  *See McRo, Inc. v. Namco Bandai Games*

17   *America, Inc.*, 23 F. Supp. 3d 1113, 1123-25 (C.D. Cal. 2013).  There would be little point in these

18   limitations if they could be avoided simply by filing an amended complaint.  CAP cannot allege

19   the exclusively pre-suit willfully infringing conduct *Seagate* requires, and the limitations on

20   willfulness imposed by *Seagate* would be turned to dust by allowing a patentee to amend a

21   complaint to assert willfulness on the basis of notice of the patents provided for the first time by

22   the original complaint itself.  *See id.*; *see also Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-

23   _____

24   [1] Some courts have suggested that *Seagate* did not impose a *per se* requirement that a patentee
     seek a preliminary injunction where it is clear that doing so would be futile -- for example, when

25   the patentee is a non-practicing entity.  *See HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-cv-00882-
     PSG, 2013 WL 5225043, at *12 (N.D. Cal. Sept. 17, 2013); *Stryker Corp. v. Zimmerman, Inc.*,

26   No. 10-CV-1223, 2013 WL 6231533 (W.D. Mich. Aug. 7, 2012).  The Court does not see how
     that conclusion can be right, because *Seagate* specifically addresses the circumstance where a

27   patentee fails to obtain a preliminary injunction despite showing that it is likely to prevail in its
     infringement claim, and suggests that this would be a factor to be considered in determining

28   whether a willfulness claim can be sustained *after* the patentee has tried and failed to obtain a
     preliminary injunction.  *See Seagate*, 497 F.3d at 1374.

1    02021-RMW, 2013 WL 5373305, at *6-7 (N.D. Cal. Sept. 24, 2013) (dismissing willfulness

2    claims where no pre-suit knowledge of patents was alleged); *Vasudevan Software, Inc. v. TIBCO*

3    *Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *5-6 (N.D. Cal. May 18, 2012).

4        Consequently, the willfulness claim is dismissed without leave to amend.  If facts currently

5    unknown and unknowable to CAP emerge in discovery that establish pre-suit knowledge by the

6    defendants, CAP may bring a motion to amend the complaint.

7    **II.    INDIRECT INFRINGEMENT**

8        **A.    Induced Infringement**

9            "Whoever actively induces infringement of a patent shall be liable as an infringer."

10   35 U.S.C. § 271(b).  "In order to succeed on a claim of inducement, the patentee must show, first

11   that there has been direct infringement, and second, that the alleged infringer knowingly induced

12   infringement and possessed specific intent to encourage another's infringement."  *MEMC Elec.*

13   *Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)

14   (quotations and citations omitted); *see also Bill of Lading*, 681 F.3d at 1339.  In addition, liability

15   under Section 271(b) "can only attach if the defendant knew of the patent and knew as well that

16   'the induced acts constitute patent infringement,'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.

17   Ct. 1920, 1926-28 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060,

18   2068 (2011)).

19       CAP's induced infringement claims, which are the same in each of the consolidated

20   complaints, allege that the accused products are "sold directly to customers and used by them

21   pursuant to [defendant's] user manuals guides, and support articles."  Complaint ¶ 11, Dkt. No. 1

22   in each consolidated case.  In each complaint, CAP also alleges that:

23           Defendant has infringed the Patents-in-Suit in this country, if it
             continues to infringe after the service of the Original Complaint in
24           this matter, through, inter alia, its active inducement of others to
             make, use, and/or sell the products and methods claimed in one or
25           more claims of the patent. This conduct constitutes infringement
             under 35 U.S.C. § 271(b).
26

27   *E.g.*, *id.* ¶ 16.

28       Defendants attack these allegations on three grounds:  they fail to allege pre-suit

United States District Court
Northern District of California

knowledge of the patents-in-suit; they fail to sufficiently plead specific intent to induce infringement; and they do not properly plead that defendants knew that any actions they induced constituted patent infringement.

### 1.      Lack of Pre-Suit Knowledge

Whether cast as contributory or induced, indirect infringement requires that the defendant's conduct occurred after it knew of the patents-in-suit.  *Global-Tech*, 131 S.Ct. at 2068. CAP does not allege that defendants knew about the asserted patents before this suit was filed. CAP concedes that this omission precludes induced infringement liability for pre-suit sales, but argues that it should be allowed to maintain the claim for defendants' post-suit sales.  Defendants contend that, because an element of induced infringement -- knowledge of the patents-in-suit -- did not exist when the complaint was filed, the induced infringement claims must be dismissed in their entirety.

This question has come up in many cases and the Federal Circuit has not answered it.  The district courts that have addressed the issue have not agreed upon a common answer.  Some cases allow indirect infringement claims to proceed for post-suit sales based on notice in the complaint, even though no pre-suit knowledge is alleged.  *See Bascom Research LLC v. Facebook, Inc.*, Nos. C 12-6293 to -97 SI, 2013 WL 968210, at *3-*4 (N.D. Cal. Mar. 12, 2013) (allowing induced infringement claims limited to post-filing conduct if knowledge was based solely on filing the complaint); *Rembrandt Social Media LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 882 (E.D. Va. 2013) (holding that when relying on "the filing and service of the infringement suit to satisfy the knowledge requirement to establish indirect infringement: Plaintiff may only recover damages for indirect infringement for the period of time that commences once the putative infringer learns of the patent."); *Walker Digital, LLC v. Facebook, Inc.*, Civ. 11-313-SLR, 2012 WL 1129370, at *6 n.11 (D. Del. Apr. 4, 2012) (holding that allowing such claims furthers judicial economy because "by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge"); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F. Supp. 2d 1143, 1158 (N.D. Cal. 2007) (Wilken, J.) (holding that liability may attach for conduct occurring after the complaint was served even where the plaintiff "does not proffer evidence that [the defendant] had actual knowledge of

United States District Court
Northern District of California

the patents and potential infringement prior to being served."). In *Bill of Lading*, the Federal

Circuit, while not squarely addressing the issue, upheld the sufficiency of certain indirect

infringement claims based solely on post-suit knowledge. *See* 681 F.3d at 1345-46.

Other cases have held that knowledge of the patents-in-suit cannot be properly alleged if

the complaint itself is the first notice of them. *IpVenture Inc. v. Lenovo Group Ltd.*, No. 12-cv-

04143-JSW, Dkt. No. 159 (N.D. Cal. Jan. 30, 2013); *Proxyconn Inc. v. Microsoft Corp.*, No.

SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *5-6 (C.D. Cal. May 16, 2012); *Xpoint*

*Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (granting motion

to dismiss indirect infringement claim because plaintiff alleged only that defendants had

knowledge of the patent "at least since the date of the suit"); *Mallinckrodt, Inc. v. E-Z-Em*

*Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (same); *Avocet Sports Tech., Inc. v. Garmin Int'l,*

*Inc.*, C 11-04049 JW, 2012 WL 1030031, *4 (N.D. Cal. Mar. 22, 2012) (granting motion to

dismiss indirect infringement claim because plaintiff "has not alleged any facts to suggest that

Defendants . . . had knowledge of the '427 Patent prior to the filing of the Complaint."). These

cases embody the view that an indirect infringement claim -- and the element of knowledge of the

patents-in-suit -- must be perfected when the lawsuit is filed, and that allowing the complaint to

provide the notice is something of a cheat. These cases typically dismiss the entire indirect

infringement claim, and do not allow plaintiffs to pursue post-complaint liability. *See, e.g.,*

*Proxyconn*, 2012 WL 1835680 at *7.

*Proxyconn* gave substantial attention to this question and came down hard against indirect

infringement claims based solely on the complaint as the source of a defendant's knowledge. It

characterized that approach as an unfair "bootstrap" for plaintiffs, *Proxyconn*, 2012 WL 1835680,

at *5, and discussed in some detail the undesirable consequences it feared would flow from it.

The court concluded that a complete bar to indirect infringement claims lacking pre-suit

knowledge was a good rule because it would motivate plaintiffs to reach out to defendants for

settlement before suing. "[R]equiring a Plaintiff to plead knowledge based on facts other than the

filing of the present lawsuit furthers judicial economy and preserves parties' resources by

encouraging resolution prior to filing a lawsuit." *Id.* at *5. The court also found that allowing an

7

United States District Court
Northern District of California

1    indirect infringement claim to go forward on complaint notice alone would arm a patentee with a

2    weapon to extort payment by threatening to drag a case on through summary judgment even if a

3    defendant stopped its infringing activities the day after suit was filed. *See id.* at *7. For these

4    reasons, *Proxyconn* adopted the rule that a plaintiff "fails to state a claim for indirect infringement

5    when it merely alleges that '[s]ince at least the filing of the complaint, [Defendant] has had

6    knowledge of'" the patent-in-suit. *Id.* (internal citation omitted).

7         While these are meaningful concerns, the Court finds that the cure imposed in *Proxyconn*

8    is worse than the purported disease, and declines to apply its all-or-nothing approach to the

9    knowledge element of indirect infringement. Requiring pre-suit knowledge for induced

10   infringement is unlikely to promote out-of-court resolution of patent disputes, as *Proxyconn*

11   optimistically predicts. Instead, it seems much more likely to result in tactical maneuvers

12   reminiscent of the bad old days when pleading was a highly formalistic game. The approach in

13   *Proxyconn* motivates a plaintiff to file a "notice" complaint and then immediately file either a

14   Rule 15(a) amended complaint or -- as *Proxyconn* explicitly countenanced -- move to file a Rule

15   15(d) supplemental pleading, which courts in this circuit entertain with liberality. *See Keith v.*

16   *Volpe*, 858 F.2d 467, 473-76 (9th Cir. 1988); *see also Glatt v. Chicago Park Dist.*, 87 F.3d 190,

17   194 (7th Cir. 1996) (holding that the Rule 15(d) and 15(a) standards are the same); 6A Charles

18   Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1504 (2d ed.

19   1990). Alternatively, it would result in a *pro forma* notice letter from the patentee, followed by an

20   immediate lawsuit in order to head off a declaratory judgment suit by the alleged infringer. And

21   the *Proxyconn* court's worry that dispensing with the requirement of pre-suit knowledge would

22   prevent a defendant from being able to dismiss an indirect infringement allegation even if it

23   immediately stopped infringing is adequately dealt with by limiting damages for indirect

24   infringement to products sold after the defendant learned of the patents-in-suit, providing the

25   plaintiff with an economic incentive to drop its suit if infringing activities were indeed

26   immediately ceased.

27        Consequently, the Court sees no reason to adopt a rule requiring an allegation of pre-suit

28   knowledge for all infringement claims. A complaint is a perfectly adequate notice to defendants

8

for indirect infringement claims for post-filing conduct.  CAP's indirect infringement claims will not be dismissed for lack of pre-suit knowledge but, to the extent they are otherwise properly alleged, they will be limited to post-filing conduct.  *See Bascom*, 2103 WL 968210 at *4 (for indirect infringement, knowledge of patents can be established by the complaint for post-filing conduct).

### 2.    Inadequate Allegations of Specific Intent

CAP's woefully inadequate intent allegations, however, require dismissal of the inducement claim.  To plead allegations of specific intent sufficient to state an indirect infringement claim, the patentee need not cite statements from the accused infringer specifically instructing the direct infringer "to perform all of the steps of the patented method"; it is enough to cite examples where the accused infringer advertised benefits that can be achieved only through use of the asserted patent.  *Bill of Lading*, 680 F.3d at 1341-42.  CAP's problem is that it fails to allege any statements by McAfee or Symantec at all.  CAP makes passing references to "user manuals guides, and support articles," without ever saying what those materials contain, which is wholly inadequate for an inference of specific intent.

In lieu of fact allegations, CAP argues that the Supreme Court's decision in *Global-Tech* means that specific intent is not a necessary element of induced infringement.  Whatever CAP's reading of *Global-Tech* might be, the Supreme Court has held after that decision that section 271(b) "requires intent to 'bring about the desired result'".  *Commil*, 135 S. Ct. at 1928; *see also MEMC*, 420 F.3d at 1378 ("[i]n order to succeed on a claim of inducement, the patentee must show . . . that the alleged infringer . . . possessed specific intent to encourage another's infringement"); *Bill of Lading*, 681 F.3d at 1339 (complaint for induced infringement must plausibly allege intent).  Because CAP has not alleged facts that plausibly support an inference that defendants specifically intended others to infringe the patents-in-suit, the Court dismisses CAP's claims of induced infringement.

### 3.    Inadequate Allegations that Defendants Knew their Induced Acts Constituted Patent Infringement

The induced infringement claim also fails because the complaint does not plead

facts that give rise to a plausible inference that defendants knew that any acts they purportedly

induced constituted patent infringement.  The complaint contains no facts at all describing what

acts defendants allegedly induced and what defendants knew about those acts.  In the absence of

such allegations, CAP's claim for induced infringement is not adequately pleaded.  *See MEMC*,

420 F.3d at 1378.

### B.    Contributory Infringement

"A party is liable for contributory infringement if that party sells, or offers to sell, a

material or apparatus for use in practicing a patented process.  That material or apparatus must be

a material part of the invention, have no substantial noninfringing uses, and be known (by the

party) to be especially made or especially adapted for use in an infringement of such patent."  *i4i*

*Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010).  With respect to contributory

infringement, CAP has pleaded that:

> [Defendant] contributed and continues to contribute to acts of
> infringement by causing and encouraging others to use the
> aforementioned products. These products are sold directly to
> customers and used by them pursuant to [Defendant's] user manuals
> guides, and support articles. [Defendant] continues to provide and
> sell goods and services including products designed for use in
> practicing one or more claims of the Patents-in-Suit, where the
> goods and services constitute a material part of the invention and are
> not staple articles of commerce, and which have no use other than
> infringing one or more claims of the Patents-in-Suit. . . .
>
> In addition, Defendant has infringed the Patents-in-Suit in this
> country, if it continues to infringe after the service of the Original
> Complaint in this matter, through, inter alia, providing and selling
> goods and services including the aforementioned products designed
> for use in practicing one or more claims of the Patents-in-Suit,
> where the goods and services constitute a material part of the
> invention and are not staple articles of commerce, and which have
> no use other than infringing one or more claims of the Patents-in-
> Suit. Defendant has committed these acts with knowledge that the
> goods and services it provides are specially made for use in a
> manner that directly infringes the Patents-in-Suit. This conduct
> constitutes infringement under 35 U.S.C. § 271(c).

Complaint ¶¶ 11, 17.

Defendants attack the contributory infringement claims with the same lack of pre-suit

knowledge argument they raised against inducement.  The Court rejects the argument for the

reasons previously discussed with the express understanding that CAP's contributory infringement

United States District Court
Northern District of California

1    claims, to the extent otherwise properly alleged, will be limited to defendants' post-complaint

2    conduct.

3            The contributory infringement claim is dismissed for a different reason -- the absence of

4    facts making that claim plausible.  "To state a claim for contributory infringement . . . a plaintiff

5    must, among other things, plead facts that allow an inference that the components sold or offered

6    for sale have no substantial non-infringing uses."  *Bill of Lading*, 681 F.3d at 1337.  Here, the only

7    statement CAP offers on the required element about substantial noninfringing uses is nothing but a

8    bare conclusion.  *See* Complaint ¶ 17 (alleging that accused products "have no use other than

9    infringing one or more claims of the Patents-in-Suit").  That does not come close to an adequate

10   factual allegation.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or

11   'a formulaic recitation of the elements of a cause of action will not do.'").  Although CAP need

12   not prove that the accused products have no substantial noninfringing uses at the pleading stage, it

13   must allege some facts that take its statements from mere lawyerly fiat to a plausible conclusion --

14   for example, by alleging one or more infringing uses of the accused products and alleging that the

15   products have no other uses.  *See Radiation Stabilization Sols. LLC v. Accuray Inc.*, No. 11-cv-

16   07700, 2012 WL 3621256, at *5 (N.D. Ill. Aug. 21, 2012) (finding inadequate allegations that

17   accused product was "not a staple article or commodity of commerce suitable for substantial

18   noninfringing use"); *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. 1:12-cv-00092-RGA, 2012

19   WL 2700495, at *1 (D. Del. Jul. 5, 2012) (holding that an allegation that the accused systems were

20   "not staple articles of commerce suitable for substantial non-infringing use" were not sufficient to

21   plead contributory infringement because it was "supported by no facts").  CAP has not done

22   anything remotely like that here, and the Court therefore dismisses the contributory infringement

23   claims.

24

25

26

27

28

United States District Court
Northern District of California

11

**CONCLUSION**

The willfulness allegations are dismissed with prejudice subject to a future motion to amend the complaint if discovery reveals a good-faith basis for requesting that relief. The indirect infringement allegations are dismissed without prejudice. If CAP chooses to amend them, the amended complaint is due within 14 days of this order.

**IT IS SO ORDERED.**

Dated: June 26, 2015

_____
JAMES DONATO
United States District Judge