UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAP CO., LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>MCAFEE, INC.,<br><br>    Defendant. | Case No. 14-cv-05068-JD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION AND DENYING IN PART MOTION TO DISMISS** |

In the Court's June 26, 2015, motion to dismiss order, the Court stated that the motion was moot with respect to U.S. Patent No. RE42,196, because that patent had been dropped from the case. Order at 1:21-23, Dkt. No. 59. But as defendants point out in a motion for leave to seek reconsideration, only certain claims of the '196 patent were dropped, and the motion to dismiss remains live with respect to the remaining claims of that patent. Defendants agree to submit the issue on the currently-filed papers for reconsideration purposes.

The Court grants defendants' motion to request reconsideration, and denies the underlying motions to dismiss CAP's direct infringement allegations for the '196 patent on the merits. As the Court stated in the motion to dismiss order:

> [The pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),] applies to claims of indirect patent infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Claims of direct infringement are treated to a far lighter review. The Federal Circuit has held that a complaint need not provide any more factual specificity than the sample complaint for direct patent infringement found at Form 18 in the Appendix of Forms that accompanies the Federal Rules of Civil Procedure, even if *Iqbal* and *Twombly* would require more. *See id.* at 1334. Form 18 requires only:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* at 2:18-3:2. Defendants nevertheless claim that the direct infringement allegations for the '196 patent must be dismissed because CAP does not plead that defendants perform all elements of the claims itself or that they exercise sufficient control over the other actors involved in infringing the claim. Claim 1 of the '196 patent, which is representative, recites:

> A method for blocking in real time harmful information in a file to be executed, the method comprising the steps of:
>
> (a) on a computer network through which a **web server** and a **client system** are linked to each other, the **web server** receiving a connection request from the **client system** over the computer network;
> (b) the **web server** transmitting a harmful information blocking code module to the **client system**; and
> (c) once the transmission of the harmful information blocking code module is completed, the harmful information blocking code module automatically running on the **client system** to block in real time harmful information including computer viruses, wherein the step (c) comprises steps of:
>
> (c1) inspecting file input/output (I/O) on the **client system** by hooking up file I/O routines,
> (c2) determining whether the file to be executed corresponding to the inspected file input/output in the step (c1) is harmful or not; and
> (c3) treating a file determined to be harmful in the step (c2) and executing the file, if it can be treated, and aborting the execution of the file determined to be harmful in the step (c2), if it cannot be treated.

'196 patent, claim 1 (emphasis added).

The implicit premise of defendants' argument seems to be that the "web server" and "client system" recited in the claims of the '196 patent necessarily must be performed by different actors. That is not a conclusion that the Court can reach prior to claim construction.

Since the Court must assume that it is at least possible at this stage that defendants could perform all elements of the claim themselves, the question becomes whether CAP must specifically plead that defendants perform each element. Given the low pleading standards patentees face in pleading direct infringement, it does not. *See Bill of Lading*, 681 F.3d at 1336.

1  Consequently, the Court will not dismiss the direct infringement allegations with respect to the
2  '196 patent.
3      **IT IS SO ORDERED.**
4  Dated: July 13, 2015

_____
JAMES DONATO
United States District Judge